IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHAMEIL YULE, (M44477), | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 7462 |
| TOM DART, ET AL., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $28.58 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the East Moline Correctional Center. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike. 28 U.S.C. § 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Plaintiff's motion for attorney representation, (Dkt. No. 4), and any other pending motions, are denied as moot. Civil Case Terminated.

## STATEMENT

Pro se Plaintiff Schameil Yule, a East Moline Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3], complaint for an initial review pursuant to 28 U.S.C. § 1915A, [1], and motion for attorney representation. [4].

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $28.58. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is

paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

The Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from Plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [the Court] view it in the light most favorable to the Plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the Plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff alleges that his property was wrongfully lost while he was at the Cook County Jail. He seeks monetary relief.

There is no constitutional violation for the wrongful destruction of personal property in a jail when state law provides a meaningful post-deprivation remedy. *Jones v. Walker*, 358 Fed. Appx. 708, 712 (7th Cir. Dec. 23, 2009) (non precedential opinion) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Murdock v. Washington*, 193 F.3d 510, 512-13 (7th Cir. 1999); *Kimbrough v. O'Neil*, 523 F.2d 1057, 1059 (7th Cir. 1975)). Illinois provides the meaningful post-deprivation remedy of the common law tort claim of conversation. *Davenport v. Giliberto*, No. 11 C 6855, 2013 WL 5432822, at *4 (N.D. Ill. Sept. 30, 2013) (citing *Kahilly v.*

*Francis*, No. 98 C 1515, 2008 WL 5244596, at *3 (N.D. Ill. Dec. 16, 2008)). Plaintiff's present federal lawsuit must be dismissed.

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Should plaintiff choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

ENTERED:

Dated: 10-16-14

_____
JOHN W. DARRAH
United States District Court Judge